**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ENGINEERING & INSPECTION** | * | **CIVIL ACTION** |
| **SERVICES, LLC** | * | |
| | * | |
| | * | **CASE NO.** |
| **vs.** | * | |
| | * | **SECT.** |
| | * | |
| **INTPAR, LLC** | * | **MAGISTRATE** |
| | * | |
| | * | **JURY TRIAL DEMANDED** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT
AND PATENT INVALIDITY, DAMAGES FOR PATENT MISUSE, ANTITRUST
VIOLATIONS AND UNFAIR COMPETITION, AND DEMAND FOR TRIAL BY
JURY**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Engineering

& Inspection Services, LLC, (hereinafter "Plaintiff") which respectfully avers that:

**Parties**

**1.**

Plaintiff, Engineering & Inspection Services, LLC, is a limited liability company

organized under the laws of the State of Louisiana with its principal place of business in

1

Metairie, Louisiana, and which has members who each reside in the Parish of Jefferson, State of Louisiana.

**2.**

Defendant, IntPar, LLC (hereinafter "Defendant") is a limited liability company organized under the laws of Delaware with its principal place of business in Wilmington, Delaware.

**3.**

Defendant is and has been doing business, and has committed acts and caused damages, in this judicial district at all times relevant hereto.

**Jurisdiction and Venue**

**4.**

This is an action for a declaratory judgment of noninfringement of patent rights, patent misuse and for patent invalidity under the Patent Laws of the United States, 35 U.S.C. §1 *et seq.,* and for damages under the Sherman Antitrust Act, 15 U.S.C. 1 *et seq.* and Louisiana's Antitrust Statutes, LA. R.S. 51:122 *et seq*, and for damages under both Federal and state laws relating to unfair trade practices and unfair competition. Furthermore, the amount in controversy exceeds $75,000 exclusive of interest and costs. Accordingly, subject matter jurisdiction herein is based upon 15 U.S.C. §4 and 28 U.S.C. §§1331, 1332, 1367, 1338, 2201 and 2202.

**5.**

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) because Defendant is doing business and "resides" in this judicial district as defined by 28 U.S.C. §1391(c), and a substantial part of the events or omissions giving rise to this claim occurred in this district.

**6.**

Furthermore, Defendant is subject to the personal jurisdiction of this Court in that it has repeatedly injected itself into the State of Louisiana by continuously harassing Plaintiff with threatening letters, and has admitted that it is subject to the jurisdiction of this Court by drafting a lawsuit captioned for filing in the Eastern District of Louisiana and forwarding a copy to Plaintiff in order to coerce a settlement. See exhibit A.

7.

Defendant's repeated threatening of Plaintiff by sending letters and a proposed lawsuit has harmed and has threatened to harm Plaintiff's business activities in Louisiana, and, therefore, Defendant could reasonably foresee and did foresee that litigation in Louisiana was likely; and, Defendant purposely availed itself of the laws and commerce of the State of Louisiana.

**Facts**

**8.**

Plaintiff provides engineering, design and inspection services from its home office in Metairie, Louisiana.

3

**9.**

As with virtually every business in the world, Plaintiff maintains and operates standard data-processing and manipulation equipment in its home office, including copiers, scanners, computers and at least one server.

**10.**

Defendant alleges that it is a "licensing agent" for U.S. patent nos. 7,986,426, 7,477,410, 6,771,381 and 6,185,590 issued to Klein ("the Klein patents") pertaining to "Distributed Computer Architecture and Process for Document Management."  See Exhibits B-E.

**11.**

In each of the above-referenced patents, the inventor/applicant states that the unique feature of the patented inventions is to provide "software tools for automatically generating reusable software components from core software technologies, thus making these software technologies available to a much larger user base" and "to provide a single consistent interface to many different engines with the ability to access the unique features of each engine."

**12.**

The broadest claims of the aforementioned patents limit the scope of protection to a computer data management system ...comprising, *inter alia*: "at least one scanner, digital copier or other multifunction peripheral capable of rendering at least one of said

4

electronic image, electronic graphics and electronic document; at least one memory storing a plurality of interface protocols for interfacing and communicating; at least one processor responsively connectable to said at least one memory, and *implementing the plurality of interface protocols **as a software application** for interfacing and communicating with the plurality of external destinations* including the one or more of the external devices and applications, wherein the computer data management system includes *integration of at least one of said electronic image, electronic graphics and electronic document using software* so that said electronic image, electronic graphics and electronic document *gets seamlessly replicated and transmitted* to at least one of said plurality of external destinations."

**13.**

The claimed invention is clearly limited to a network of scanners, computers and copiers **in combination with** software having a single, consistent interface that is compatible with the different engines typically associated with standard network components.

**14.**

Plaintiff simply owns and operates an office network with standard office equipment, such as computers, scanners, copiers and a server.

**15.**

Plaintiff did not develop or use specialized software having a plurality of interface

protocols for integrating copiers and scanners to seamlessly transmit images to external destinations.

**16.**

In spite of merely owning and operating standard office equipment, Plaintiff received a letter dated January 17, 2013 in which Defendant alleges that because Plaintiff "almost certainly uses in its day-to-day operations digital copier/scanner/multifunction equipment which is interfaced to a separate central office computer(an office network), so that digital images may be scanned and transmitted to one or more destinations such as email accounts and other applications, you should enter into a license agreement with us at this time." See Exhibit F, p. 4, ¶1.

**17.**

In the letter dated January 17, 2013, Defendant further alleges that a "good example of an infringing system, and one your company likely uses, is an office local area network ("LAN") which is in communication with a server, employee computers having email software, such as Outlook or Lotus, and a third-party scanner(or multi-function printer with scanning functionality) which permits the scanning of a document directly to (an) employee email address as a PDF attachment. Such a system would be a typical example of what infringes."  See Exhibit F, p. 2, ¶2.

**18.**

Defendant conveniently failed to inform Plaintiff that the patents were further

limited to specialized software that provides a plurality of interface protocols for

seamlessly interacting with other hardware protocols.

## 19.

In fact, in advertising testimonials, the actual inventor clearly asserts that the

patented invention pertains to specialized software, not simply a network of scanners and

computers having email software:

> "Virtual Copier™ is a 'middleware' layer, a software bridge to seamlessly
> integrate the Document Centre with an organization's existing software. 'It's a
> very powerful solution when you consider how many Fortune 500 companies have
> invested in both Document Centre and Lotus Notes,' said Ron Offer, President of
> Offer Solutions. 'Virtual Copier™ allows you to leverage your existing investment
> with any investment you'll make in upgrading your technology,' notes Larry Klein
> of Imagination Software." Exhibit G.

## 20.

Plaintiff subsequently received a second letter from the law firm "Farney Daniels

PC" on behalf of Defendant dated March 6, 2013, alleging that "our client reasonably

assumes you do have an infringing system and need a license." Exhibit H.

## 21.

Finally, Plaintiff received a third letter dated April 1, 2013, again from Farney

Daniels PC, asserting that "if we do not hear from you within two weeks from the date of

this letter, our client will be forced to file a complaint against you for patent infringement

in Federal District Court where it will pursue all of the remedies and royalties to which it

is entitled.  The Complaint is attached so that you may review it and show it to your

counsel." Exhibit I.

**22.**

The drafted complaint attached to the letter dated April 1, 2013 was captioned for filing in the Eastern District of Louisiana. Exhibit A.

**23.**

Upon receipt of the letters, Plaintiff discovered that Defendant, and other enigmatic shell companies believed to be associated therewith, have been engaging in a relentless assault on numerous small businesses who merely maintain standard office equipment, such as computers, scanners and copiers. See Exhibit J.

**24.**

In fact, identical cease-and-desist letters have been sent to small businesses by "Project Paperless, LLC", "AllLed, LLC", "AdzPro, LLC", "GosNel" and other generic, alphabetic entities, each alleging that it is the "licensing agent" of the Klein patents. Exhibit J.

**25.**

Furthermore, an assignment search at the United States Patent & Trademark Office www.uspto.gov, reveals that ownership of the Klein patents has been transferred numerous times, presumably to further perpetuate the shell game in which Defendant and the other related, pseudo-entities have been engaging in order to extort payments from innocent businesses. See Exhibit K.

**26.**

Defendant also boasts in its threatening letters that it has received "a positive response from the business community to our licensing program. As you can imagine, most businesses, upon being informed that they are infringing someone's patent rights, are interested in operating lawfully and taking a license promptly.  Many companies have responded to this licensing program in such manner.  Their doing so has allowed us to determine that a fair price for a license negotiated in good faith and without the need for court action is a payment of $1,000 per employee." Exhibit F.

**27.**

In the form letter that it mass-mails to numerous small businesses, Defendant deceptively boasts that "most businesses" promptly take a license in order to mislead a reader into believing that Defendant's claims are legitimate when in fact, if such claims are true, they simply illustrate that the cited businesses chose to pay a shakedown fee because they could not afford or justify litigation.

**28.**

By stating both to Plaintiff and other businesses that simply using standard office equipment, such as scanners and copiers with computers having email software, infringes the Klein patents, Defendant is and has made infringement allegations that are objectively false, and in bad faith, with complete knowledge of or disregard for their incorrectness or falsity.

9

**29.**

Defendant's bad faith is evidenced by the repeated statements in the Klein patents and in testimonials that the patented invention includes specialized software.

**30.**

The purpose of the three letters referenced above was to intentionally misrepresent the scope of the Klein patents in order to coerce, intimidate and manipulate Plaintiff into a settlement knowing that the patents do not remotely prohibit the mere use of a scanner with a computer having email software.

**31.**

The three letters referenced above were part of a conspiracy by Defendant to injure Plaintiff's business by improperly coercing a settlement, which is unscrupulous, unethical, oppressive and in violation of public policy.

**First Claim for Relief-Declaratory Judgement of Non-Infringement of U.S. Patent Nos.  7,986,426, 7,477,410, 6,771,381 and 6,185,590**

**32.**

The allegations of paragraphs 1-31 are repeated and are incorporated herein by reference.

**33.**

Defendant's conduct in forwarding the threatening letters and a copy of a proposed lawsuit naming Plaintiff as a party has created a reasonable apprehension on the part of Plaintiff that it will be subjected to a lawsuit based upon patent infringement if it

continues to use standard office equipment of the type used by virtually every other business in the world.

**34.**

As a result of Defendant's false and reckless allegations of patent infringement, and its threat to pursue legal action, an actual controversy exists between the parties hereto regarding Plaintiff's right to continue using its standard office equipment.

**35.**

The use of Plaintiff's standard office equipment does not infringe any of the Klein patents either literally or under the doctrine of equivalents.

**36.**

The accused standard office equipment does not include specialized software for automatically generating reusable software components from core software technologies to make the software technologies available to a much larger user base.

**37.**

Therefore, Plaintiff is entitled to a judgment declaring that it does not infringe any of the Klein patents pursuant to 28 U.S.C. §§ 2201 and 2202.

**38.**

This is an exceptional case under 35 U.S.C. §285 entitling Plaintiff to reasonable attorneys' fees.

**Second Claim for Relief-Declaratory Judgment of Invalidity of U.S. Patent Nos. 7,986,426, 7,477,410, 6,771,381 and 6,185,590**

**39.**

The allegations of paragraphs 1-31 are repeated and are incorporated herein by reference.

**40.**

Upon information and belief, many of the claims in the Klein patents should be invalidated as covering or allegedly covering subject matter that was undeniably prior art before Defendant applied for patent protection.

**41.**

The Klein patents are invalid for failure to meet one or more of the requirements of patentability under 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 102 and 103.

**42.**

The Klein patents are invalid because the alleged inventions claimed therein are anticipated by the pertinent prior art and thus fail to satisfy the conditions for patentability set forth in 35 U.S.C. §102.

**43.**

The claims of the Klein patents are invalid because the difference between the subject matter of such claims and the prior art is such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary

skill in the art to which the subject matter of the invention pertains as set forth in 35 U.S.C. §103.

**44.**

Accordingly, Plaintiff is entitled to a declaratory judgment that any or all claims of the Klein patents are invalid.

**45**.

This is an exceptional case under 35 U.S.C. §285 entitling Plaintiff to reasonable attorneys fees.

**Third Claim for Relief-Violation of The Sherman Antitrust Act, 15 U.S.C. §1 *et seq.***

**46.**

The allegations of paragraphs 1-31 are repeated and are incorporated herein by reference.

**47**.

Defendant and its members and/or principals' false assertions that the Klein patents prohibit the mere use of scanners with computers having email software is clearly an improper expansion of the scope of the Klein patents.

**48.**

Defendant and its members and/or principals' false assertions that the Klein patents prohibit the mere use of scanners with computers having email software have caused damage to Plaintiff.

**49.**

Defendant and its members and/or principals' false assertions that the Klein patents prohibit the mere use of scanners with computers having email software, combined with their repeated threatening of others by demanding licenses and filing lawsuits in an effort to substantiate their erroneous claims of patent scope, are an attempt to monopolize an entire public-domain market through fear, coercion and intimidation.

**50.**

Defendant and its members and/or principals are attempting to monopolize the relevant product market of small businesses that use standard office equipment in the relevant geographical market of the southeastern United States by extortion, coercion and improper claims of patent breadth by systematically and continuously sending cease-and-desist letters in order to shakedown and coerce a lump-sum settlement from defenseless, small businesses that Defendant and its members and/or principals know or firmly believe cannot financially justify litigation.

**51.**

By continuously and repeatedly assailing small businesses that use standard office equipment, Defendant and its members and/or principals have a specific intent to achieve a monopoly in the relevant market concerning goods or services in interstate commerce.

**52.**

In attempting to unlawfully enforce the Klein patents as set forth above, Defendant

and its members and/or principals have engaged in anti-competitive conduct in order to accomplish their intended goal of achieving a monopoly.

**53.**

If Defendant and its members and/or principals are allowed to continue their egregious assault on small businesses that use standard office equipment, there is a dangerous probability that Defendant and its members and/or principals will eventually achieve their goal of a monopoly.

**54.**

Plaintiff has been injured in its business or property as a result of Defendant and its members and/or principals' assault and anti-competitive conduct.

**55.**

Defendant and its members and/or principals' assertions that the Klein patents patents prohibit the mere use of standard office equipment constitute a violation of the Sherman Antitrust Act, 15 U.S.C. 1 *et seq*., thereby rendering Defendant and its members and/or principals liable for treble damages, legal costs, prejudgment interest and attorneys' fees.

**Fourth Claim for Relief-Violation of Louisiana's Antitrust Statutes, LA. R.S. 51:122 *et seq*.**

**56.**

The allegations of paragraphs 1-31 are repeated and are incorporated herein by reference.

**57**.

Defendant and its members and/or principals' false assertions that the Klein patents prohibit the mere use of scanners with computers having email software is clearly an improper expansion of the scope of the Klein patents.

**58.**

Defendant and its members and/or principals' false assertions that the Klein patents prohibit the mere use of scanners with computers having email software have caused damage to Plaintiff.

**59.**

Defendant and its members and/or principals' assertions that the Klein patents prohibit the mere use of scanners with computers having email software, combined with their repeated threatening of others by demanding licenses and filing lawsuits in an effort to substantiate their erroneous claims of patent scope are an attempt to monopolize an entire, public-domain market through fear, coercion and intimidation.

**60.**

Defendant and its members and/or principals are attempting to monopolize the relevant product market of small businesses that use standard office equipment in the relevant geographical market of the southeastern United States by extortion, coercion and improper claims of patent breadth directed toward only the entities that Defendant and its members and/or principals believe can neither afford nor reasonably justify litigation.

**61.**

By continuously and repeatedly assailing small businesses that merely use standard office equipment, Defendant and its members and/or principals have a specific intent to achieve a monopoly in the relevant market concerning goods or services in interstate commerce.

**62.**

In attempting to unlawfully enforce the Klein patents as set forth above, Defendant and its members and/or principals have engaged in anti-competitive conduct in order to accomplish their intended goal of achieving a monopoly.

**63.**

If Defendant and its members and/or principals are allowed to continue their egregious assault on small businesses that merely use standard office equipment, there is a dangerous probability that Defendant and its members and/or principals will eventually achieve their goal of a monopoly.

**64.**

Plaintiff has been injured in its business or property as a result of Defendant and its members and/or principals' anti-competitive conduct.

**65.**

Defendant and its members and/or principals' assertions that the Klein patents prohibit the mere use of standard office equipment constitute a violation of Louisiana's

Antitrust Statutes, LA. R.S. 51:122 *et seq*. thereby rendering Defendant and its members and/or principals liable for treble damages, legal costs, interest and attorneys' fees.

### Fifth Claim for Relief-Unfair Competition

#### 66.

The allegations of paragraphs 1-31 are repeated and are incorporated herein by reference.

#### 67.

By threatening Plaintiff with baseless allegations of patent infringement while knowing that the Klein patents do not encompass the subject matter that Defendant purports, Defendant and its members and/or principals have purposely harmed Plaintiff's business.  Such conduct constitutes an unfair trade practice and unfair competition pursuant to Federal Law, 15 U.S.C. §§1117 and 1125 and the Louisiana Unfair Trade Practices Act LSA-R.S. 51:1401 *et seq.* for which Defendant and its members and/or principals are liable for loss of economic opportunity, loss of revenue/profits, general damages and attorneys' fees.

#### 68.

Plaintiff avers that this is an exceptional case under 15 U.S.C. §1117, warranting an award to Plaintiff of reasonable attorneys' fees.

## Sixth Claim for Relief-Patent Misuse

### 69.

By repeatedly boasting, advertising and publicly asserting that simply using standard office equipment, such as scanners and copiers with computers having email software, infringes the Klein patents, Defendant and its members and/or principals have engaged in patent misuse by claiming that their patent protection extends beyond its lawful scope.

### 70.

Accordingly, all patent rights of Defendant and its members and/or principals, if any, should be suspended or nullified until the misuse is purged.

### 71.

## Seventh Claim for Relief-Tort Liability Under La. Civ. Code Article 2315

### 72.

All allegations in Paragraphs 1-31 herein are repeated and incorporated by reference.

### 73.

Defendant and its members and/or principals' blatantly-false assertions that simply using standard office equipment, such as scanners and copiers with computers having email software, infringes the Klein patents constitute tortious harassment and misrepresentation.

**74**.

Furthermore, the transmission of the three cease-and-desist letters to Plaintiff containing false and misleading claims of patent infringement constitute an actionable tort pursuant to La. Civ. Code Article 2315.

**75.**

Furthermore, threatening Plaintiff with frivolous and baseless allegations of patent infringement knowing that the Klein patents do not have the broad scope that Defendant alleges, subjects Defendant and its members and/or principals to tort liability under La. Civ. Code Article 2315.

**76.**

Defendant and its members and/or principals have purposely misrepresented the claim scope of the Klein patents to purposely harm Plaintiff's business efforts in Louisiana and elsewhere, which subjects Defendant and its members and/or principals to tort liability under La. Civ. Code Article 2315.

**EIGHTH CLAIM FOR RELIEF-EXTORTION**

**77.**

All allegations in Paragraphs 1-31 herein are repeated and incorporated by reference.

**78.**

Defendant and its members and/or principals' continuous written threats directed

to Plaintiff knowing that the Klein patents cannot possibly enjoin the mere use of standard office equipment, such as scanners and copiers with computers having email software, combined with their deceptive misrepresentations that other accused infringers are promptly taking licenses, and their continuous and systematic shakedowns of other similar small businesses, constitute extortion under La. R.S. 14:66 and 18 U.S.C. 1951 *et seq*.

**79.**

Plaintiff hereby demands a trial by jury according to Fed. Rule Civ. Pro. 38.

WHEREFORE, Plaintiff, Engineering & Inspection Services, LLC, respectfully prays for judgment in its favor and against Defendant, IntPar, LLC, and its members and/or principals as follows: 1) declaring that Plaintiff has not and does not infringe any of the Klein patents or any purported patent rights of Defendant; 2) declaring that some or all of the claims in the Klein patents are invalid; 3) decreeing that Defendant and its members and/or principals have violated both Federal and state laws of unfair competition and Federal and state antitrust laws and 5) that Defendant and its members and/or principals have misused the Klein patents by improperly expanding the scope thereof in an effort to coerce other entities into paying royalties for subject matter that is clearly in the public domain or not covered by any of the claims, thereby entitling Plaintiff to treble damages, attorneys' fees, costs, expenses, interest and any further relief

as the Court deems just or equitable under the circumstances.

**RESPECTFULLY SUBMITTED**,

**/kenneth l. tolar/**
KENNETH L. TOLAR (Bar No. 22641) (T.A.)
ATTORNEY AT LAW
2908 HESSMER AVENUE
METAIRIE, LOUISIANA  70002
TELEPHONE:  (504) 780-9891
FACSIMILE:  (504) 780-7741
Email:tolar@cavtel.net

ATTORNEY FOR ENGINEERING & INSPECTION
SERVICES, LLC