UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ENGINEERING & INSPECTION SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO: 13-0801 |
| INTPAR, LLC ET AL. | SECTION: "A" (1) |

### ORDER AND REASONS

Before the Court are the following motions: (1) **Motion to Dismiss First Amended Complaint for Failure to State a Claim and Lack of Personal Jurisdiction (Rec. Doc. 26)** filed by Defendant IntPar, LLC ("IntPar"); (2) **Motion to Dismiss First Amended Complaint for Failure to State a Claim, Lack of Personal Jurisdiction, and Failure to Join a Party (Rec. Doc. 35)** filed by Defendant MPHJ Technology Investments, LLC ("MPJH"); (3) **Motion to Continue Submission Dates of Motions to Dismiss and for Leave to Conduct Jurisdictional Discovery (Rec. Doc. 37)** filed by Plaintiff Engineering & Inspection Services, LLC ("EIS"). The motions were submitted to the Court for consideration on August 28, 2013. All motions are opposed and are before the Court on the briefs without oral argument.[1] For the reasons that follow, Defendants' Motions to Dismiss are GRANTED and Plaintiff's Motion to Permit Discovery is DENIED.

### I.    Background

Plaintiff EIS is a Louisiana limited liability company that provides engineering, design, and inspection services from its office in Metairie, Louisiana. Defendants MPHJ and

---

[1] The Court notes EIS's request for oral argument (Rec. Doc. 42), but determines that oral argument is not necessary.

IntPar are Delaware limited liability companies, each having its principal place of business in Wilmington, Delaware. MPHJ is the owner of a group of patents that pertain to "distributed computer architecture and process for document management."[2] IntPar, a subsidiary of MPHJ, acts as the licensing agent for these patents.

On January 17, 2013, EIS received a letter from IntPar, in which IntPar identified itself as the licensing agent for certain United States patents.[3] IntPar went on to inform EIS that it had been identified as a company that "appear[ed] to be using" technology that infringed these patents. In describing the patents, the letter stated the following:

> A good example of an infringing system, and one your company likely uses, is an office area network ("LAN") which is in communication with a server, employee computers having email software such as Outlook or Lotus, and a third-party scanner (or a multi-function printer with scanning functionality) which permits the scanning of a document directly to employee email address as a pdf attachment. Such a system would be a typical example of what infringes.[4]

The letter then stated that, as EIS was "almost certainly" using infringing technology, it was encouraged to enter into a licensing agreement, paying $1,000 per employee. The letter encouraged EIS to consult with an attorney and also warned EIS of the high penalties that come with patent infringement. The letter concluded with IntPar asking EIS to respond on the matter within two weeks.

On March 6, 2013, EIS received a letter from Farney Daniels, LC ("Farney"), in which Farney identified itself as a law firm specializing in patent litigation and licensing.[5] In the letter, Farney informed EIS that it was writing on behalf of its client, IntPar, regarding its licensing program of certain United States patents. Farney stated that since EIS did not

---

[2]MPHJ owns Unites States patents nos. 6,185,590, 6,771,381, 7,477,410, and 7,986,426. (Rec. Doc. 20-3, Exh. B; Rec. Doc. 1-4, Exh. C; Rec. Doc. 1-5, Exh. D; Rec. Doc. 1-6, Exh. E).

[3]Rec. Doc. 20-7, Exh. F.

[4]*Id.*

[5]Rec. Doc. 20-9, Exh. H.

respond to the first letter, IntPar assumed that EIS was using an infringing system that required a license. Farney went on to urge EIS to retain counsel. Farney also concluded by asking EIS to respond within two weeks.

On April 1, 2013, EIS received another letter from Farney.[6] In this letter, Farney informed EIS that if it did not receive a response in two weeks, a complaint would be filed against EIS in federal district court. Attached to this letter was a drafted complaint for a patent infringement lawsuit naming IntPar as plaintiff and EIS as defendant.[7] The complaint was captioned for filing in the Eastern District of Louisiana.

On April 13, 2013, without having responded to any of the aforementioned letters, EIS filed the present lawsuit against IntPar.[8] In its first amended complaint, EIS added MPHJ as a defendant and brought the following eight causes of action: (1) declaratory judgment of non-infringement of the patents; (2) declaratory judgment of invalidity of the patents; (3) relief for violation of the Sherman Antitrust Act; (4) relief for violation of Louisiana antitrust statutes; (5) relief for violation of federal and Louisiana unfair competition statutes; (6) relief for patent misuse; (7) relief for tort liability under Louisiana law; (8) relief for extortion under federal and Louisiana statutes.[9] In addition, EIS demanded class certification.

EIS alleges that the purpose of the letters from IntPar and Farney was to intentionally misrepresent the scope of the patents in order to coerce, intimidate, and manipulate it into a settlement.[10] EIS alleges that defendants and other shell companies

---

[6] Rec. Doc. 20-10, Exh. I.

[7] Rec. Doc. 20-1, Exh. A.

[8] Rec. Doc. 1.

[9] Rec. Doc. 20.

[10] Rec. Doc. 40.

associated therewith have been engaging in a relentless assault on numerous small companies who merely maintain standard office equipment.[11]

Defendants IntPar and MPHJ have each filed separate motions to dismiss. IntPar moves to dismiss the complaint for lack of personal jurisdiction and failure to state a claim on which relief may be granted.[12] IntPar argues that there is no factual basis for this Court to exercise personal jurisdiction over it. IntPar claims that the three notice letters it sent to EIS were its only contacts with the forum and that such does not constitute sufficient contacts to exercise personal jurisdiction under due process.

MPHJ moves to dismiss the complaint for lack of personal jurisdiction, failure to state a claim on which relief may be granted, and failure to join a party.[13] MPHJ claims it has had no activity in the forum and so should not be subject to personal jurisdiction. MPHJ further claims that if sufficient control was found to exist by MPHJ over IntPar, its subsidiary and co-defendant, the three notice letters sent into the forum are insufficient to confer personal jurisdiction over it.

EIS moves the Court to continue the submission dates for Defendants' motions to dismiss, and grant leave to conduct jurisdictional discovery.[14] EIS claims that additional facts are likely available that would further illustrate the extent of Defendants' contacts with the forum. EIS argues that this discovery would assist the Court in making its jurisdictional determination.

---

[11] *Id.*

[12] Rec. Doc. 26.

[13] Rec. Doc. 35.

[14] Rec. Doc. 37.

## II.   Discussion

### 1. Choice of Law

In an action where a plaintiff seeks a declaratory judgment of patent non-infringement, the issue of personal jurisdiction is "intimately related" to patent law and thus governed by Federal Circuit law regarding due process.[15]  When such an action also involves non-patent claims, Federal Circuit law on due process will govern these claims if resolution of the patent infringement issue will be a "significant factor" in determining liability.[16] Here, the patent infringement issue will be a significant factor in determining whether Defendants will be liable for the antitrust, unfair competition, and the other non-patent claims brought by Plaintiff.  As a result, Federal Circuit law will govern the jurisdictional determination for all claims in the present motions.

### 2. Applicable Standard

At this stage of the litigation, because the parties have not yet conducted discovery, the plaintiff need only establish a prima facie case of personal jurisdiction.[17]  In the procedural posture of a motion to dismiss, the Court is to accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in favor of the plaintiff.[18]

One such opposed allegation is that the actions of IntPar should be imputed to its parent company, MPHJ.  The Court notes the parent and subsidiary relationship between these co-Defendants.  IntPar admits sending the infringement letters into the forum, while

---

[15] *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006) (*citing Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003)).

[16] *Id.* (*citing 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998)).

[17] *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (*citing Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008)).

[18] *Id.*

MPHJ maintains it has had no contact with the forum. Plaintiff alleges that MPHJ is "participating in the extortionate conspiracy described herein," but does not allege specific facts of its participation.[19] At this time, the Court will not address the disputed issue of whether the relationship between MPHJ and IntPar is one that gives rise to imputing the actions of the subsidiary to its parent company. At this stage in the litigation, this disputed issue will be construed in favor of Plaintiff, and the actions of IntPar and MPHJ will be analyzed as one.

### 3. Personal Jurisdiction

Determining whether a federal district court has personal jurisdiction over a non-resident defendant requires the satisfaction of two requirements: (1) the forum state's long-arm statute must permit service of process; and (2) the assertion of jurisdiction must not violate due process.[20] Louisiana's long-arm statute is coextensive with the limits of constitutional due process.[21] Therefore, these two requirements collapse into a single inquiry of whether the assertion of personal jurisdiction comports with due process.[22]

The exercise of personal jurisdiction over a non-resident defendant satisfies due process when the defendant has sufficient "minimum contacts" with that state, such that exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."[23] The minimum contacts analysis asks whether the non-

---

[19] Rec. Doc. 20 at ¶ 12.

[20] *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) (*citing Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-76 (1985)).

[21] *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 F. Appx. 322, 336 (Fed. Cir. 2003)(*citing Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1192 (La. 1987).

[22] *Id. (citing Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998).

[23] *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

resident defendant purposefully availed itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws.[24]

Minimum contacts can give rise to specific personal jurisdiction or to general personal jurisdiction.[25] General jurisdiction can exist over a business entity if the defendant has "continuous and systematic general business contacts" with the forum state, even if the cause of action has no relationship with those contacts.[26] For sufficient minimum contacts under specific jurisdiction, a 2-prong test must be satisfied: (1) defendants must have purposefully directed their activities at residents of the forum; and (2) the litigation must result from alleged injuries that arose out of or relate to those activities.[27]

Case law in the Federal Circuit provides that by itself, the act of sending infringement letters into a forum is insufficient to satisfy the requirements of due process for personal jurisdiction in declaratory judgment actions.[28] In *Red Wing Shoe*, the Federal Circuit explained that principles of fairness afford a patentee "sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum."[29] The court reasoned that "a patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement."[30]

---

[24] *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1297 (Fed. Cir. 2009) (*citing Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

[25] Plaintiff does not specify whether Defendants should be subject to specific or general personal jurisdiction.

[26] *Campbell Pet Co. v. Miale*, 542 F.3d 879, 883 (Fed. Cir. 2008) (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)).

[27] *Id.* at 884 (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)).

[28] *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997).

[29] *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360-61 (Fed. Cir. 1998).

[30] *Id.*

The Federal Circuit has stated that beyond the sending of infringement letters, the patentee must engage in "other activities" within the forum to be subject to personal jurisdiction there.[31] When the patentee has engaged in sufficient additional conduct, beyond merely informing others of his patent rights and intention to enforce those rights through litigation, he will not be protected from jurisdiction by the due process policy considerations underlying *Red Wing Shoe*.[32]

The Federal Circuit has found grounds for jurisdiction insufficient when, aside from cease-and-desist letters, a defendant's only additional contacts with the forum consisted of unsuccessful attempts to license the patent there.[33] The Federal Circuit has also found jurisdictional grounds insufficient when a foreign defendant had successfully licensed the patent in the forum state, even to multiple non-exclusive licensees, but did not control the dealings of those licensees in the forum, and rather only collected royalty income.[34] In both of these instances, the patentee's "other activities" in the forum were insufficient for the court to exert personal jurisdiction within the bounds of due process.

In their motions to dismiss, Defendants argue that their only contacts with Louisiana consist of the three patent licensing inquiry letters sent to Plaintiff, and that as such, a Louisiana court does not have personal jurisdiction over them. Defendants submitted signed declarations from their managers, stating that they do not conduct business in Louisiana, nor do they maintain offices, have employees, or advertise in the state.[35]

---

[31] *Campbell Pet Co. v. Miale*, 542 F.3d 879, 885 (Fed. Cir. 2008) (*citing Genetic Implant Systems, Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997)).

[32] *Id.* at 885-86.

[33] *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1356 (Fed. Cir. 2002).

[34] *Red Wing Shoe*, 148 F.3d at 1357-58.

[35] Rec. Doc. 26-2, Declaration of J. Mac Rust; Rec. Doc. 26-3, Declaration of David Martin.

8

The letters sent by Defendants to Plaintiff inquire as to patent infringement, threaten litigation, and seek settlement through a licensing agreement. As such, the Court determines that these letters are of the type that Federal Circuit case law has afforded protection from invoking personal jurisdiction over the patentee.

Plaintiff argues that the infringement letters included overly-broad and misleading descriptions of the scope of the patents and that the letters should be viewed as coercion tools, rather than as conventional "cease-and-desist" letters.[36] Plaintiff argues that Defendants' contacts with the forum thus go beyond a mere three infringement letters.

To the contrary, sufficient information was provided in the letters to enable Plaintiffs to research the patents in the interest of clearing up any confusion regarding infringement. Defendants properly identified each of the patents by their United States Patent Number and also provided a website where Plaintiff could "find and review each of the issued patents."[37] Further, with regard to the examples provided, Defendants' first letter to Plaintiff contained the following language:

> We note here that the scope of the patents is technically defined by the claims, and the language of the claims defines the legal scope of the patents. The more generalized examples provided in this letter are for your convenience and should not be considered exact substitutes for the more detailed claims.[38]

Plaintiff has failed to show why these letters should not be afforded protection from conferring personal jurisdiction over the non-resident Defendants.

Plaintiff also identifies the drafted complaint, captioned for filing in federal district court in the Eastern District of Louisiana, that was attached to Defendants' final letter.[39]

---

[36] Rec. Doc. 40

[37] Rec. Doc. 20-7, Exh. F ("You can find and review each of the issued patents listed above at www.google.com/patents.")

[38] *Id.*

[39] Rec. Doc. 20-2, Exh. A.

Plaintiff argues that this document should be construed as Defendants availing themselves of the forum, making them subject to personal jurisdiction there. As previously discussed, Federal Circuit case law gives patentees the right to threaten litigation related to infringement, without subjecting themselves to personal jurisdiction.[40] Plaintiff cites case law in which jurisdiction was exercised over patentee defendants who had themselves initiated suit in the forum to enforce the same patent against other parties in an unrelated action.[41] Defendants' actions in this case are clearly distinguishable, as the complaint was never filed. This Court declines to construe the drafted complaint as submission to personal jurisdiction of the Court.

Plaintiff has failed to identify forum activities that Defendants have engaged in that would be sufficient for exercising personal jurisdiction over them.

### 4. Discovery on Personal Jurisdiction

Plaintiff has filed a Motion to Continue Submission Dates of Motions to Dismiss and for Leave to Conduct Jurisdictional Discovery.[42] Defendants oppose Plaintiff's motion, arguing that discovery is not warranted, since it is clear that there are insufficient contacts for the Court to exercise personal jurisdiction.[43] The Court agrees.

Under Fifth Circuit law, district courts have broad discretion in all discovery matters.[44] The Court need not permit jurisdictional discovery unless the motion raises

---

[40] *Campbell Pet Co. v. Miale*, 542 F.3d 879, 885 (Fed. Cir. 2008) ("without more, a patentee's act of sending letters to another state claiming infringement and threatening litigation is not sufficient to confer personal jurisdiction in that state.").

[41] Rec. Doc. 40, where Plaintiff cites *Viam Corp. v. Iowa Exp.-Imp. Trading Co.*, 84 F.3d 424 (Fed. Cir. 1996).

[42] Rec. Doc. 37.

[43] Rec. Doc. 38; Rec. Doc. 39.

[44] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (*citing Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir.2000)).

issues of fact.[45]  Furthermore, when the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be granted.[46]

Plaintiff argues that Defendants are conducting a widespread mailing campaign, and argues that the greater the number of such threatening letters, the more likely the Court could conclude sufficient grounds for personal jurisdiction.[47]  It is upon this information that Plaintiff seeks to conduct discovery that would reveal additional letters sent to Louisiana.

Accepting as true Plaintiff's argument that Defendants have likely sent other letters into the forum, there is still insufficient activity to confer jurisdiction.  It has been established that these infringement letters alone are insufficient to confer jurisdiction.  The Federal Circuit has also held that an accumulation of the patentee's contacts with the forum do not create a constitutionally adequate basis for personal jurisdiction.[48]  Thus, this Court has no reason to conclude that distributing these letters at a high frequency or in a "widespread" manner would change the Defendants' due process rights to enforce their patents in a forum without being subject to personal jurisdiction there.  Further, the letters that Defendant sent to Plaintiff contemplated entering into a non-exclusive license, which would not provide grounds for conferring jurisdiction, assuming other businesses similarly situated to Plaintiff agreed to comply.[49]

---

[45] *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (*citing Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)).

[46] *Id.*

[47] Rec. Doc. 37, Exh. 7.

[48] *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1356 (Fed. Cir. 2002).

[49] *See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1357-58 (Fed. Cir. 1998).  In *Red Wing Shoe*, Defendant patentee had multiple non-exclusive licensees located in the forum, but did not exert control over their businesses. This conduct, in addition to sending infringement letters into the forum, was not enough to provide a basis for exercising personal jurisdiction.

Plaintiff has failed to show how discovery would likely lead to facts sufficient for supporting jurisdiction over Defendants. It is clear to the Court that personal jurisdiction does not exist over these defendants; thus, the Court declines to delay resolution of the jurisdictional issue.

### III. Conclusion

Plaintiff has not established a prima facia case of personal jurisdiction and has failed to show that discovery is warranted. Because the Court has determined that personal jurisdiction over Defendants is lacking in this case, it need not proceed to examine the remainder of Defendants' arguments in favor of dismissal.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss First Amended Complaint for Failure to State a Claim and Lack of Personal Jurisdiction (Rec. Doc. 26)** filed by Defendant IntPar and the **Motion to Dismiss First Amended Complaint for Failure to State a Claim, Lack of Personal Jurisdiction, and Failure to Join a Party (Rec. Doc. 35)** filed by Defendant MPHJ are **GRANTED**. Plaintiffs' amended complaint is **DISMISSED** without prejudice for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that the **Motion to Continue Submission Dates of Motions to Dismiss and for Leave to Conduct Jurisdictional Discovery (Rec. Doc. 37)** filed by Plaintiff EIS is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Plaintiff's Complaint (Rec. Doc. 18)** filed by Defendant IntPar is **DISMISSED** as moot. The Court notes that Plaintiff's original complaint was superseded by its amended complaint, which is dealt with above.

October 9, 2013

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE